IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teddy Glen Bostic Senior,          :

        Plaintiff,           :     Case No. 2:15-cv-3029

  v.                               :     JUDGE GREGORY L. FROST

Jeanette Arlene Davis, et al.,     :     Magistrate Judge Kemp

        Defendants.          :


REPORT AND RECOMMENDATION


    Plaintiff Teddy Glen Bostic Senior filed this action against Jeanette Arlene Davis, a private citizen, and against the Columbus Police Department, Columbus Police Chief Kimberly Jacobs, and Columbus Police Officer Ernest Rice.  Mr. Bostic has moved for leave to proceed *in forma pauperis* (Doc. 1), and the Court grants that request.  The case is now before the Court to conduct an initial screening under 28 U.S.C. §1915(e)(2).  For the following reasons, it will be recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted.

### I.  Legal Standard

    28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis

include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). The complaint will be evaluated under these standards.

II. Discussion

A. The Facts

Here are the facts pleaded in Mr. Bostic's complaint, which the Court must assume to be true for purposes of deciding whether he has stated a claim which can properly be heard by this federal court.

Ms. Davis is Mr. Bostic's ex-wife, although it appears that they lived together for some period of time after they divorced. He alleges that she became "involved" with the City of Columbus Police Department in some fashion. The result of this involvement, according to the complaint, is that she has been assisted by police officers in a harassment campaign that Mr. Bostic describes as a "relentless daily quest without mercy to get the plaintiff to commit suicide." He accuses both Chief Jacobs and Officer Rice of conspiring with Ms. Davis in this quest, which has included warrantless entries into his home and attacks on his person and on his pet dogs. The complaint also alleges that an unknown assailant attacked Mr. Bostic in the presence of a Columbus police officer and Ms. Davis in an effort

to prevent him from filing this case.

## B. The Law

Mr. Bostic has brought his claim under 42 U.S.C. §1983 and the United States Constitution. That is the proper way to assert claims against state officials who allegedly have violated a citizen's constitutional rights. There are some facts in the complaint which suggest that his rights may have been violated by one or more state officials. But they are not specific enough for his complaint to be able to survive a motion to dismiss.

The Federal Rules of Civil Procedure apply to cases filed in a federal court, and they must be followed by all litigants whether or not they are represented by an attorney. The content of complaints is governed by Rule 8. Here is what it says about that:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The United States Supreme Court has recently said that in order for a complaint to satisfy this standard, it must have enough facts in it so that the court in which it has been filed can determine if, assuming the facts are true, the defendants might be liable to the plaintiff. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Here are the types of things missing from the complaint. Did either Chief Jacobs or Officer Rice enter Mr. Bostic's home

-3-

without a warrant and without his consent?  If so, which of them, and when?  Did either of them personally attack him?  If so, which one, and when?  Was either of them involved directly in the alleged attack on his dogs?  When and where did that take place?  Those are the types of facts which must be pleaded in order for the Court to decide if the complaint states a plausible claim for relief.  Without them, the complaint is simply too vague, and it would be subject to dismissal under the Twombly case.  See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice").

    A separate problem exists with respect to Mr. Bostic's attempt to include Ms. Davis as a defendant in this federal lawsuit.  As a private citizen, she is not subject to §1983, since that statute applies only to state or local governmental officials.  A private citizen can be held liable under that statute, however, if that private citizen has conspired with public officials to violate someone's constitutional rights.  Mr. Bostic makes that claim.  However, a complaint may not, under Rule 8 and the case law, simply say that there was a conspiracy.  It must provide specific facts to support that statement.

    Conspiracies are easy to allege, but they can substantially expand the reach of federal statutes like §1983.  For that and other reasons, the courts have consistently said that "conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).  The complaint in question must "allege specific facts showing agreement and concerted actions among the defendants ...." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989).

    What are the facts which must be pleaded?  They include the

actions or statements of each of the members of the conspiracy showing that, in fact, they were all working together for the same purpose, together with dates when the conspirators acted to carry out their agreement and a description of what they did. The failure to allege all elements of a conspiracy, including an agreement or a meeting of the minds among the alleged conspirators and overt actions in furtherance of the conspiracy, requires dismissal of the complaint. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 77 (1st Cir. 1984). Again, as with his allegations against the police officers, Mr. Bostic has simply not included enough specific facts in his complaint to show that he might plausibly be able to prove that his ex-wife and the police officers in question conspired to deprive him of his constitutional rights.

These are defects in the complaint which Mr. Bostic might, by filing an amended complaint containing details about his claim, be able to correct. Consequently, it will be recommended that the complaint be dismissed with leave to amend. Any amended complaint should be filed within thirty days. That amended complaint, like the present one, will then be reviewed to see if it is sufficient to state a claim before the Court will order that it be served on the defendants.

### III.  Recommendation

For all of the reasons stated above, it is recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) with leave to amend. Any amended complaint should be filed within 30 days of the Court's order on this matter. Mr. Bostic should be aware that if he does not file an amended complaint, should the Court order him to do so, or if his amended complaint does not satisfactorily address the issues raised above, this case will not proceed.

IV.  Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge