IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teddy Glen Bostic Senior,      :

            Plaintiff,      :      Case No. 2:15-cv-3029

     v.      :      JUDGE GREGORY L. FROST

Jeanette Arlene Davis, et al., :      Magistrate Judge Kemp

           Defendants.      :

REPORT AND RECOMMENDATION

Plaintiff Teddy Glen Bostic Senior filed this action against Jeanette Arlene Davis, a private citizen, and against the Columbus Police Department, Columbus Police Chief Kimberly Jacobs, and Columbus Police Officer Ernest Rice.  Mr. Bostic moved for leave to proceed *in forma pauperis.*  In a Report and Recommendation filed on February 29, 2016, the Court granted that request and, after conducting an initial screening under 28 U.S.C. §1915(e)(2), recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted, but with leave to amend.

On March 14, 2016, Mr. Bostic filed an amended complaint. In an order filed on April 19, 2016, the Honorable Gregory L. Frost, United States District Judge, found that the original Report and Recommendation was moot, and he remanded the matter to the Magistrate Judge to conduct an initial screening of the amended complaint.  For the following reasons, the Court recommends that the amended complaint be dismissed in part.

I.  Legal Standard

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim

on which relief can be granted...."  The purpose of this section
is to prevent suits which are a waste of judicial resources and
which a paying litigant would not initiate because of the costs
involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A
complaint may be dismissed as frivolous only when the plaintiff
fails to present a claim with an arguable or rational basis in
law or fact.  See id. at 325.  Claims which lack such a basis
include those for which the defendants are clearly entitled to
immunity and claims of infringement of a legal interest which
does not exist, see id. at 327-28, and "claims describing
fantastic or delusional scenarios, claims with which federal
district judges are all too familiar."  Id. at 328; see also
Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be
dismissed for failure to state a claim upon which relief can be
granted if the complaint contains "enough facts to state a claim
to relief that is plausible on its face."  Bell Atlantic Corp. v.
Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be
construed liberally in favor of the *pro se* party.  Haines v.
Kerner, 404 U.S. 519 (1972).  The complaint will be evaluated
under these standards.

## II.  Discussion

### A.  The Facts Alleged in the Original Complaint

The earlier Report and Recommendation (Doc. 3) summarized
the facts this way:

> Ms. Davis [the first-named defendant] is Mr.
> Bostic's ex-wife, although it appears that they lived
> together for some period of time after they divorced.
> He alleges that she became "involved" with the City of
> Columbus Police Department in some fashion.  The result
> of this involvement, according to the complaint, is
> that she has been assisted by police officers in a
> harassment campaign that Mr. Bostic describes as a
> "relentless daily quest without mercy to get the
> plaintiff to commit suicide."  He accuses both Chief
> Jacobs and Officer Rice of conspiring with Ms. Davis in
> this quest, which has included warrantless entries into

-2-

his home and attacks on his person and on his pet dogs.
The complaint also alleges that an unknown assailant
attacked Mr. Bostic in the presence of a Columbus
police officer and Ms. Davis in an effort to prevent
him from filing this case.

## B.  The Deficiencies

The Court, noting that Mr. Bostic brought his claim under 42
U.S.C. §1983 and the United States Constitution, concluded in the
earlier Report and Recommendation that the complaint did not
plead enough facts to support a plausible claim for relief under
that statute.  It pointed out a number of questions which the
complaint did not answer, such as whether Chief Jacobs or Officer
Rice ever entered Mr. Bostic's home without a warrant and without
his consent; if so, which of them, and when; whether either of
them personally attacked him; if so, which one, and when; whether
either of them were involved directly in the alleged attack on
his dogs; and when and where that attack took place.  The Court
also noted that a separate problem existed with respect to Mr.
Bostic's attempt to include Ms. Davis as a defendant in this
federal lawsuit, and that his allegation that she was part of a
conspiracy which involved state actors like police officers was
not supported by any facts.

## C.  The Facts Alleged in the Amended Complaint

After again alleging that he is subjected to harassment on a
daily basis, Mr. Bostic asserts, in his amended complaint, that
Ms. Davis had begun her meetings with Columbus police officers in
2005 to discuss how to harass him.  He describes an incident in
2011 where she and Officer Rice entered his home and went through
his papers, also assaulting his dog on that occasion.  The
complaint also pleads that Officer Rice threatened Mr. Bostic in
a Walgreens parking lot that year, and that another attempt to
assault his dogs happened in August, 2011.

The only other specific incident set forth in the complaint

-3-

allegedly occurred in November, 2015. Plaintiff said that he had
a confrontation with a female driver in his apartment complex
parking lot; during that confrontation, he was assaulted by a
second individual who, prior to the assault, told Plaintiff to
drop his lawsuit (Plaintiff had filed a state court case against
these defendants before filing his federal court complaint).
After the assault, Plaintiff saw Ms. Davis sitting in the car
belonging to the female driver and heard the assailant tell her
that "it was taken care of." He reported the assault to Columbus
Police officers, but they did not take any action. Plaintiff
claims that the female driving the car was a Columbus Police
Officer and that the assailant may be a former Columbus Police
Officer.

The August, 2011 occurrences all happened more than two
years before Mr. Bostic filed his complaint in this Court. As
another Judge of this Court has held,

> Although the statute of limitations is normally an
> affirmative defense raised by defendants in an answer,
> "if a statute of limitations defense clearly appears on
> the face of a pleading, the district court can raise
> the issue sua sponte." Watson v. Wayne County, 90
> Fed.Appx. 814, 815 (6th Cir. 2004) (citing Pino v.
> Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995)); see also
> Alston v. Tenn. Dep't of Corr., 28 Fed.Appx. 475, 476
> (6th Cir. 2002) ("Because the statute of limitations
> defect was obvious from the face of the complaint, sua
> sponte dismissal of the complaint was appropriate.").
> Moreover, "[w]here a particular claim is barred by the
> applicable statute of limitations, it does not present
> an arguable or rational basis in law or fact and
> therefore may be dismissed as frivolous under §
> 1915(e)(2)." Fraley v. Ohio Gallia Cnty., No. 97-3564,
> 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998). While
> state law provides the statute of limitations to be
> applied in a §1983 action, federal law governs when
> that limitations period begins to run. Sevier v.
> Turner, 742 F.2d 262, 272 (6th Cir. 1984). The statute
> of limitations begins to run when "the plaintiff knows
> or has reason to know of the injury which is the basis
> of his action." Id. at 273.

-4-

<u>Hurst v. State of Ohio Bureau of Investigation and</u>
<u>Identification</u>, 2016 WL 1604553, *3 (S.D. Ohio April 22,
2016)(Marbley, J.).  Any claim arising out of those incidents is
clearly time-barred.

That is not the case, however, with respect to the November,
2015 alleged assault.  It appears to have occurred only a week or
so before Plaintiff filed his initial complaint, so there is no
statute of limitations bar to its being considered in this case.
Further, the complaint does supply detail about an alleged
conspiracy to harass Mr. Bostic dating back to 2005, and it can
be inferred that the November, 2015 incident was a part of that
conspiracy and facilitated by the police officer who drove the
vehicle which contained Ms. Davis.  Under these circumstances, it
will be recommended that all of the claims in the amended
complaint arising out of occurrences from August, 2011 be
dismissed as time-barred, but that the Court order service of
process to be made with respect to the November, 2015 incident.

### IV.  <u>Recommendation</u>

For all of the reasons stated above, it is recommended that
all of the claims in the amended complaint arising out of
occurrences from August, 2011 be dismissed under 28 U.S.C.
§1915(e)(2) as time-barred, but that the Court order service of
process to be made with respect to the November, 2015 incident.

### V.  <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation,
that party may, within fourteen (14) days of the date of this
Report, file and serve on all parties written objections to those
specific proposed findings or recommendations to which objection
is made, together with supporting authority for the objection(s).
A judge of this Court shall make a <u>de novo</u> determination of those
portions of the report or specified proposed findings or
recommendations to which objection is made.  Upon proper
objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge