**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TEDDY GLEN BOSTIC SENIOR,** | : | |
| | : | **Case No. 2:15-cv-3029** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Terence P. Kemp** |
| **JEANETTE ARLENE DAVIS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of the Plaintiff Teddy Glen Bostic Senior's Objection (Doc. 8) to the Magistrate Judge's Report and Recommendation (Doc. 6) concerning Plaintiff's Amended Complaint (Doc. 4). For the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSING** Plaintiff's claims from August, 2011. Plaintiff's claim from November, 2015 will proceed.

### I.    BACKGROUND

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on November 23, 2015. (Doc. 1.) Plaintiff attached his Complaint to the Motion. (Doc. 1-1.) Plaintiff brought suit under 28 U.S.C. §§ 1343(3) and 1331 against Jeanette Arlene Davis, a private citizen, and against the Columbus Police Department, Columbus Police Chief Kimberly Jacobs, and Columbus Police Officer Ernest Rice. (Doc. 1-1 at 2.) On February 29, 2016, the Magistrate Judge issued his Report and Recommendation concerning Plaintiff's original Complaint, recommending that the case be dismissed under 28 U.S.C. § 1915(e)(2) with leave to amend. (Doc. 3 at 5.) On March 14, 2016, Plaintiff filed an amended complaint, alleging a conspiracy among Defendants to harass Plaintiff, and outlining specific crimes committed by Defendants against him. (Doc. 4.)

1

These allegations include an attack on his pet dog, warrantless entry into his home, and a threat on his person by Officer Rice, all occurring in August of 2011. (*Id.* at 4-5.) Additionally, Plaintiff alleges that an assault was committed against him by a Columbus Police Officer on November 16, 2015. (*Id.* at 6-8.) On April 28, 2016, the Magistrate Judge issued the Report and Recommendation now before the Court, recommending that all of the claims arising out of occurrences from August 2011 be dismissed as time-barred, but ordering service of process as to the November 2015 claim. (Doc. 6 at 5.) Plaintiff filed his Objection on May 9, 2016. (Doc. 8.)

## II.    STANDARD OF REVIEW

If a party objects to a report and recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, only objections that are specific are entitled to a *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider").

Further, when a plaintiff proceeds *in forma pauperis*, their compliant must be examined under 28 U.S.C. § 1915(e)(2). Under § 1915(e)(2), the Court will dismiss the case if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court also recognizes that Plaintiff is proceeding without the benefit of an attorney. A *pro se* litigant's pleadings must be, and in this instance are, construed liberally and

will be held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III.     ANALYSIS

#### A.     Claims Barred by Statute of Limitations

In his Amended Complaint, Plaintiff describes three separate incidents that took place during August of 2011. (Doc. 4 at 4-5.) Plaintiff brings these claims under 42 U.S.C § 1983 and the United States Constitution. (Doc. 3 at 3.) The merits of these claims do not have to be addressed, as each is barred by the applicable statute of limitations. Although typically an affirmative defense, "if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte." *Watson v. Wayne Cty.*, 90 F. App'x 814, 815 (6th Cir. 2004) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)). As a general matter, where state law provides multiple statutes of limitations for personal injury actions, a court considering § 1983 claims borrows the general or residual statute for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Ohio, this statute of limitations is contained in Ohio Revised Code Ann. § 2305.10, which requires that actions be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). Moreover, "the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In the present case, Plaintiff was aware of the injuries in August, 2011. (Doc. 4 at 4-5.) Because he filed his initial complaint in November, 2015, the Magistrate Judge was correct in finding these claims time-barred. (Doc. 6 at 5.) Further, Plaintiff has not objected specifically as to why this finding is erroneous. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (objections to the magistrate's report and recommendation "must be clear enough to enable the district court to

discern those issues that are dispositive and contentious.") (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Because Plaintiff makes no argument as to why the magistrate's ruling dismissing the August 2011 claims should not be upheld, Plaintiff's objection is not entitled to *de novo* review from the Court. *Mira*, 806 F.2d at 637.

### B.    November 2015 Assault

Additionally, Plaintiff alleges that on November 16, 2015, a confrontation in the parking lot of his apartment complex culminated in Plaintiff being threatened and assaulted by a Columbus Police Officer. (Doc. 4 at 6-8.) He alleges that Ms. Davis and another unidentified female police officer were present at the scene and conspired in the assault. *Id.* This claim will be dismissed if it either fails to state a claim upon which relief may be granted, or is frivolous.

In order to survive scrutiny under § 1915(e)(2)(B)(ii), a "complaint must contain sufficient factual matter, accepted as true, to a state a claim that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Here, Plaintiff brings his claim under 42 U.S.C § 1983 and the United States Constitution. (Doc. 3 at 3.) In his complaint, Plaintiff alleges that in February of 2005, Ms. Davis and police officers Kimberly Jacobs and Ernest Rice planned a conspiracy to harass him. (Doc. 4 at 3.) Though not explicitly stated, Plaintiff contends the November, 2015 assault on his person is the result of this conspiracy. (*Id.* at 6-8.) To survive dismissal, the conspiracy claim "must be pled with some degree of specificity," and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). In his complaint, Plaintiff alleges that the assault took place at about 6:40 A.M. on November 16, 2015, that he has the license plate number of the vehicle that Ms. Davis and the police officer were in, and that the man who assaulted him lives in his apartment complex and is

4

a Columbus Police Officer. (Doc. 4 at 6-8.) These factual allegations are specific enough to survive dismissal under § 1915(e)(2)(B)(ii).

Whether the complaint is frivolous under § 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim upon which relief may be granted. *Hill*, 630 F.3d at 471. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (6th Cir. 1989). Accordingly, a court has the power to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Examples of such claims include those "describing fantastic or delusional scenarios." *Id.* at 328. As demonstrated above, the complaint has a basis in law and reality. Further, Plaintiff has outlined in detail the circumstances surrounding his assault, and he claims to have specific evidence implicating Ms. Davis and the police officers. (Doc. 4 at 6-8.) As such, Plaintiff's claim cannot be described as fantastic or delusional. For these reasons, the complaint is not frivolous.

## IV.    CONCLUSION

The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, **DISMISSING** Plaintiff's claims from August, 2011 and **UPHOLDING** Plaintiff's claim from November, 2015. The Clerk is **DIRECTED** to order service of process on Defendants with respect to the November, 2015 claim.

**IT IS SO ORDERED.**

        **s/Algenon L. Marbley**
        **ALGENON L. MARBLEY**
        **UNITED STATES DISTRICT COURT**

**Dated: June 17, 2016**