**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **TEDDY GLEN BOSTIC, Sr.,** | : | |
| | : | Case No. 15-cv-3029 |
| **Plaintiff,** | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Kemp |
| **JEANETTE ARLENE DAVIS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Defendant Jeanette Arlene Davis's ("Davis") Motion to Strike Language from Plaintiff's Complaint and for a More Definite Statement. (Doc. 16.) For the reasons detailed below, Davis's Motion is **GRANTED**.

**I. FACTUAL & PROCEDURAL BACKGROUND**

On November 23, 2015, Plaintiff Teddy Glen Bostic, Sr. ("Plaintiff" or "Bostic"), appearing *pro se*, filed a complaint *in forma pauperis* against Davis and certain officers of the Columbus Police Department ("Co-Defendants") claiming a violation of his Fourth Amendment rights under the United States Constitution. (*See* Docs. 1–2.)

Plaintiff alleged that Davis and her Co-Defendants conspired consistently to harass him because of Plaintiff's ancestral relation to "King David, King Solomon and Joseph the earthly father of are [sic] good Lord and savior Jesus Christ" and Davis's belief that "Plaintiff's life must be harassed on a daily basis in order to save the lives of other people because of a curse on him from Satan himself." (Compl. ¶¶ 14–15.) As part of this harassment, Plaintiff claimed that Davis and her Co-Defendants conspired to "cause him to commit suicide and did also attack Plaintiff physically, attacked his pet Pugs by cutting off their nail past the nerve when Plaintiff

1

was not home and continued to come in [P]laintiff's home without proper warrants and harass his pet Pugs [while conducting] illegal searches." (*Id.* ¶ 7.)

On February 29, 2016, Magistrate Judge Kemp issued a Report and Recommendation recommending dismissal of Plaintiff's Complaint, with leave to amend. (Doc. 3.) Plaintiff filed an amended complaint on March 14, 2016. (Doc. 4.) In his Amended Complaint, Plaintiff alleged an attack on his pet dog, a warrantless entry into his home, and a threat on his person by Officer Rice of the Columbus Police Department, all of which purportedly occurred during August of 2011. (Am. Compl. at 4–5.)

Plaintiff also alleged that a Columbus police officer physically assaulted him on November 16, 2015, immediately after he almost collided with an SUV in the parking lot of his apartment complex. (*Id.* at 6.) Plaintiff claimed the officer ordered him to drop his lawsuit and then hit Plaintiff in the throat with the heel of his hand, causing Plaintiff to temporarily lose his vision and fall back against his car. (*Id.*) When his vision returned, Plaintiff claims that he saw Davis sitting in the passenger seat of the same SUV he had nearly just run into, and that the driver of the SUV was a Columbus police officer. (*Id.* at 7–8.)

On June 17, 2016, the Court dismissed Plaintiff's claims from August 2011 as time-barred. (Doc. 9.) However, the Court found that the allegations pertaining to the November 2015 assault should survive, because they are specific enough to survive dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and are not frivolous. (*Id.* at 4–5.)

Davis filed the instant motion on August 10, 2016, asserting that Plaintiff's statements regarding his prior marriage to and divorce from Davis "do nothing to advance any claim to relief" and are immaterial. (Doc. 16 at 2.) Davis also moves the Court to strike any language

2

from the Amended Complaint concerning her sexual history, or that is "redundant, immaterial, impertinent and scandalous." (*Id*. at 3.)

Davis further contends that, due to the extent of immaterial language in the Amended Complaint, it is impossible to ascertain the nature of Plaintiff's action, requiring Davis to speculate about the nature of the claims against her, and leaving her without a sufficient basis for a proper response or defense. (*Id*.) Davis correctly notes that the Amended Complaint is devoid of numbered paragraphs to separate Plaintiff's allegations, as required by Federal Rule of Civil Procedure 10(b). (*Id*. at 2.)

## II. ANALYSIS

A *pro se* litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, this Court must afford some deference to Plaintiff's Amended Complaint.

### A. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may do so on its own, or by motion of a party before responding to a pleading. Fed. R. Civ. P. 12(f)(1)–(2). Language will generally not be stricken from a pleading unless the movant demonstrates it has no possible relation to the controversy. *Crescenzo v. O-Tex Pumping, LLC*, No. 15-CV-2851, 2016 WL 3277226, at *2 (S.D. Ohio June 15, 2016) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

This Court has already dismissed all of Plaintiff's allegations relating to the events that purportedly occurred in August 2011. The Court therefore strikes from the Amended Complaint all matter relating to these allegations.

Because the only remaining claim is the alleged November 16, 2015 assault, allegations unrelated to the assault claim and that have no possible relationship to the controversy may be stricken. *Crescenzo*, 2016 WL 3277226, at *2. The Court agrees with Davis that Plaintiff's discussion of her sexual or romantic history bears no possible relationship to the assault claim against her and her Co-Defendants. Thus, all allegations relating to Davis's sexual or romantic history are **ORDERED** stricken from Plaintiff's Amended Complaint.

The Court notes, however, that allegations about Davis's and Bostic's marriage and subsequent divorce are not wholly immaterial. At the very least, these allegations provide background about Plaintiff's relationship with Davis and establish how it was that Plaintiff recognized Davis at the scene of the alleged assault. (Am. Compl. at 7.) Plaintiff's personal history with Davis therefore bears a relationship to the controversy and allegations about their marriage and divorce may remain in the Amended Complaint.

For these reasons, Davis's Motion to Strike is **GRANTED** with regard to all allegations in the Amended Complaint pertaining to her sexual or romantic history and Plaintiff's time-barred claims.

**B. Motion for a More Definite Statement**

Federal Rule Civil of Procedure 12(e) allows a party to request a more definitive pleading when the current pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When it is virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief, a motion for a more definite statement is appropriate. *See In re Laurel Valley Oil Co.*, No. 05–64330, 2012 WL 2603429, at *2 (N.D. Ohio, July 5, 2012). These types of "shotgun pleadings" are generally

4

disfavored by courts. *See, e.g.*, *Lasson v. Brannon & Assocs.*, No. 3: 07cv0271, 2008 WL 471537, at *4–*5 (S.D. Ohio Feb. 15, 2008).

Of principal concern is the structure of Plaintiff's Amended Complaint, which lacks numbered paragraphs that are limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b).  While a technical violation of Rule 10(b) is not determinative of a motion for a more definite statement against a *pro se* litigant, *Robinette v. Ohio Health Outreach Labs*, No. 2:16-CV-406, 2016 WL 5421001, at *3 (S.D. Ohio Feb. 29, 2016), Davis's argument is well taken.  Plaintiff's original Complaint did in fact contain numbered paragraphs, demonstrating Plaintiff's knowledge of basic pleading format, which he should have used when drafting his Amended Complaint.

In the Amended Complaint's current form, the Court agrees that it is virtually impossible for Davis to ascertain which factual allegations in the Amended Complaint relate to the assault claim.  Without specifically numbered allegations to reference in her answer, Davis cannot reasonably admit or deny particular allegations. The Court therefore **GRANTS** Davis's Motion for a More Definite Statement.

### III. CONCLUSION

For all of the foregoing reasons, Davis's Motion is **GRANTED**.  The Court hereby **ORDERS** stricken all allegations in the Amended Complaint pertaining to Davis's sexual or romantic history and Plaintiff's time-barred claims.

Plaintiff is also **ORDERED** to refile an amended complaint within **14 DAYS** of the entry of this Order.  Plaintiff must set forth, using numbered paragraphs as required by Federal Rule of Civil Procedure 10(b), factual allegations relating *only* to his assault claim.

**IT IS SO ORDERED.**

                                                         *s/Algenon L. Marbley*
                                                   **ALGENON L. MARBLEY**
                                         **UNITED STATES DISTRICT COURT**

**Dated: March 1, 2017**