IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Teddy Glen Bostic Senior,      :

        Plaintiff,     :     Case No. 2:15-cv-3029

  v.                             :     Magistrate Judge Kemp

Jeanette Arlene Davis, et al., :

        Defendants.    :

OPINION AND ORDER

Plaintiff Teddy Glen Bostic Senior filed this action against Jeanette Arlene Davis, a private citizen, and against the Columbus Police Department, Columbus Police Chief Kimberly Jacobs, and Columbus Police Officer Ernest Rice ("Defendants"). This matter is now before the Court on Ms. Davis' motion to dismiss for lack of subject matter jurisdiction. (Doc. 25). For the following reasons, the motion will be granted.

I. Background

Mr. Bostic is proceeding pro se and in forma pauperis, and has filed an original complaint followed by two amended complaints (Docs. 2, 4, and 21). The Magistrate Judge recommended that original complaint be dismissed on initial screening under 28 U.S.C. §1915(e)(2) for failure to state a claim, with leave to amend the complaint to correct the deficiencies. (Doc. 3). Mr. Bostic filed an amended complaint on March 14, 2016 (Doc. 4), so the Report and Recommendation (Doc. 3) was deemed to be moot. (Doc. 5). The first amended complaint alleged that Ms. Davis, Mr. Bostic's ex-wife, conspired against him with the City of Columbus Police Department. This conspiracy, according to the complaint, involved Ms. Davis' being assisted by police officers in a harassment campaign that Mr. Bostic describes as a "relentless daily quest without mercy to get the plaintiff to commit

suicide." He accuses both Chief Jacobs and Officer Rice of conspiring with Ms. Davis in this quest, which included a warrantless entry into his home in August of 2011 in which one or more of the defendants "went through his papers" and attacked his pet dogs. The complaint also alleges that in November of 2015, an unknown assailant attacked Mr. Bostic in the presence of a Columbus police officer and Ms. Davis in an effort to prevent him from filing this case.

On April 28, 2016, the Magistrate Judge issued a Report and Recommendation (Doc. 6) concluding that the alleged incident of a warrantless entry into his home in August 2011 was time-barred, noting that more than two years had passed since Mr. Bostic knew or should have known of that injury. See Sevier v. Turner, 742 F.2d 262, 272-73 (6th Cir. 1984). The Court further concluded that claims arising out of the alleged assault in November, 2015, were not time barred, and for the purposes of initial analysis of the complaint it could be inferred that the November, 2015 incident was a part of the alleged conspiracy dating back to 2005. The Magistrate Judge recommended that all of the claims in the amended complaint arising out of the alleged incident in August, 2011 be dismissed as time-barred, but that the Court order service of process to be made with respect to the November, 2015 incident. That Report and Recommendation was adopted by the District Judge on June 17, 2016. (Doc. 9).

Subsequently, the defendants filed a motion to strike certain irrelevant language from the first amended complaint (Doc. 16), which the Court granted. It also directed Mr. Bostic to file a second amended complaint. (Doc. 20). On March 8, 2017, Mr. Bostic filed a second amended complaint, which alleged essentially the same broad facts as the prior complaint with respect to the purported campaign of harassment against him by Ms. Davis, Chief Jacobs, and Officer Rice. The facts alleged

regarding the physical attack on him can be summarized as follows.

At approximately 6:40 a.m. on Monday, November 16, 2015, Mr. Bostic was pulling into the parking lot of his apartment complex when a vehicle without its headlights on nearly hit his car. Mr. Bostic yelled to the female driver of that car that she should turn her headlights on and then proceeded to park his car. The driver whom he had shouted at then backed up where Mr. Bostic was parking his car and engaged in a verbal altercation with him, asking what "his problem" was. During this altercation, Mr. Bostic was approached by a large man who hit him in his throat and Adam's apple with the heel of his hand. He asserts that the force of the blow caused him to temporarily lose his vision and fall back against his car. The man who had hit Mr. Bostic then told the female who he had argued with that "it was taken care of." It was at that time Mr. Bostic recognized the passenger in the car with the female driver to be Ms. Davis. Mr. Bostic then called the Columbus Police Department and reported the incident, but the police officers left without investigation. He called the police a second time that morning and an officer arrived, discussed the incident with Mr. Bostic, and then left. Mr. Bostic asserts that he later found out that the woman driving the vehicle that morning and the man who hit him were both Columbus police officers.

Mr. Bostic raises new allegations in the most recent amended complaint. He asserts that his grandson was killed in a motorcycle accident in California in July of 2016 and his son was killed in an attack while attempting to buy marijuana on a bicycle in Columbus in January of 2017. Mr. Bostic states that these "were not accidents" but were "premeditated murders." He claims that, with respect to the death of his son in Columbus, the men involved in his son's death were Columbus police officers

in "civilians [sic] clothes," one being Officer Rice. Mr. Bostic states that there were also two F.B.I. agents "who knew this was going to happen but did not [do] a thing to prevent it....". He does not believe that Ms. Davis was directly involved in the conspiracy to murder his family members, but asserts that she was aware of it. Mr. Bostic concludes his complaint by stating that "[i]t is very obvious that there was a conspiracy against plaintiff. It is also very obvious that the F.B.I., the Columbus Police Department along with other law enforcement agencies made a total mess and caused many, many more problems then [sic] they solved. They also used private citizens such as Davis...." Mr. Bostic seeks one million dollars in damages.

Defendants Chief Jacobs and Officer Rice filed an answer to the second amended complaint on March 10, 2017. (Doc. 22). Now under consideration is Ms. Davis's motion to dismiss Mr. Bostic's complaint based on the failure to include any allegations sufficient to establish federal jurisdiction. Ms. Davis correctly states that because there is no diversity of citizenship between the parties, federal law must supply the jurisdictional basis for his claims against her. See 28 U.S.C. §1331. She argues that Mr. Bostic's pleading mainly relies on a claim of simple assault, which does not constitute a federal question, and contains "ramblings about being deprived of his 'civil rights...'" She asserts that Mr. Bostic's claims "are nothing more than unsupported, summary assertions" and that his claims against her should be dismissed for lack of jurisdiction.

Subsequent to Ms. Davis' motion to dismiss, Mr. Bostic filed a "motion for court to continue with plaintiff's case because plaintiff has met court requirements," which the Court will construe as a response to the motion to dismiss. Mr. Bostic argues that he is not alleging only a simple assault, but that he was threatened to "drop his complaint or else" during the

incident on November 16, 2015, although this lawsuit was not filed until November 27, 2015. He revisits his allegation about the death of his son, alleging for the first time that his son was beaten and cut on his leg by "two thugs" and that somehow the Columbus police were involved or had knowledge of this.  Mr. Bostic asserts that his "civil rights have been violated" and that the Court should not dismiss his case for lack of jurisdiction.

## II. Legal Standard

Motions to dismiss under Rule 12(b)(1) "are categorized as either a facial attack or a factual attack." Bell v. United States, 4 F. Supp. 3d 908, 913 (S.D. Ohio 2014) (quoting McCormick v. Miami Univ., 693 F.3d 654, 658 (6th Cir. 2012)). A facial attack on subject-matter jurisdiction is a "challenge to the sufficiency of the pleading itself," and therefore is resolved under the familiar Rule 12(b)(6) standard. Id. In the instant case, where jurisdiction is challenged under a Rule 12(b)(1) motion, and discovery has not yet commenced, the Court construes the motion as facially challenging subject-matter jurisdiction. See Kal Kan Foods, Inc. v. Iams Co., 197 F. Supp. 2d 1061, 1066–67 (S.D. Ohio 2002). A pro se litigants pleadings are held to a less stringent standard than pleadings prepared by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, courts are not to "abrogate basic pleading essentials in pro se suits." See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Courts are not obligated to entertain a pro se plaintiff's claim that "defies comprehension" or allegations that largely amount to "incoherent ramblings." Roper v. Ford Motor Co., 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), report and recommendation adopted, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).  It is with these standards in mind that the instant motion will be decided.

III. Discussion

The Court construes Mr. Bostic's complaint as alleging that his constitutional rights were violated by Ms. Davis. 42 U.S.C. §1983 provides a private cause of action for constitutional violations. To establish a prima facie claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law, and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. See, e.g., Flagg Bros. v. Brooks, 436 U.S. 149, 155 (1978); Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir. 1992) (per curiam). Conclusory allegations are insufficient to state a claim under §1983. Rhodes v. Chapman, 452 U.S. 337 (1981).

First, the Court must determine whether Mr. Bostic has made a plausible allegation that Ms. Davis, as a private citizen, was acting under color of state law. The constitutional protections under which Mr. Bostic bases his §1983 complaint are directed at state actors. Thus, they can be violated only by conduct that may be fairly characterized as action taken under the authority of the state. Griffin v. Maryland, 378 U.S. 130, 135 (1964). Ms. Davis is a private citizen, not employed or otherwise given authority to perform certain duties by the state. Normally a private citizen is not considered to be acting under color of state law, although there are narrow exceptions under which the "conduct allegedly causing the deprivation of a federal right may be fairly attributable to the State." Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). For example, a private citizen may be deemed to be acting under color of state law if that citizen has conspired with state officials to deprive someone of his or her constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

The Sixth Circuit Court of Appeals examined this type of §1983 claim against a private citizen in American Postal Workers Union, Local 96 v. City of Memphis, 361 F.3d 898, 900-01 (6th Cir. 2004). In that case, a complaint was filed alleging that private businesses conspired with local police to deprive striking workers of their constitutional rights by intimidating, detaining, and threatening the workers. The court held that because the private and state defendants had a shared a conspiratorial plan with the objective to deprive the plaintiffs of their constitutional rights and had committed overt acts in order to do so, the union workers had successfully pled a §1983 conspiracy. Id. at 905-06. Stated another way, "a private party acts under color of state law within the meaning of §1983 only when there is a usurpation or corruption of official power by the private litigant or a surrender of judicial power to the private litigant in such a way that the independence of the enforcing officer has been compromised to a significant degree." Lugar, 457 U.S. at 926. Conversely, where a private party did not share a "conspirational objective" with the state actors, the private party cannot be considered to be a state actor. Revis v. Meldrum, 489 F.3d 273, 291 (6th Cir. 2007); see also Adickes, 398 U.S. at 152 (a private person deemed to be acting under color of law must be "a willful participant in joint activity with the State or its agents.").

In this case, Mr. Bostic alleges Ms. Davis worked in collusion with Columbus police officers to deprive him of his rights. It is insufficient, without more, to generally allege that the defendants were engaged in a conspiracy. A plaintiff must provide a clear statement of specific factual details to support the allegation. Fed.R.Civ.P. 8(a). Courts in the Sixth Circuit have consistently held that "conspiracy claims must be pled with some degree of specificity and that vague and

conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987); see also Webb v. U.S., 789 F.3d 647 (6th Cir. 2015); Snyder v. U.S., 990 F.Supp.2d 818 (S.D. Ohio 2014). Facts which should be pleaded to successfully allege a conspiracy include specific actions and statements of the members of the conspiracy (and the timing of those actions and statements) which would demonstrate that the conspirators were acting in concert to achieve a common goal. Failure to state facts in a complaint establishing that the alleged conspirators had a meeting of the minds and committed overt actions in furtherance of the conspiracy requires dismissal of the complaint. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9 th Cir. 1989); Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988); McGillicuddy v. Clements, 746 F.2d 76, 77 (1st Cir. 1984).

Accepting Mr. Bostic's allegations against Ms. Davis as true and construing them in the light most favorable to him, he fails to allege that Ms. Davis was acting under color of law or conspiring with Columbus police officers. Mr. Bostic makes general assertions that Ms. Davis was involved with Columbus police officers in a long-term conspiracy against him or part of a vendetta to cause him to commit suicide. The only specifically articulated factual allegation against Ms. Davis is that she was a passenger in the car driven by a woman with whom he had an altercation, resulting in Mr. Bostic's being punched by an unknown man. Mr. Bostic does not provide any specific factual allegations that Ms. Davis made statements or took actions colluding with the law enforcement defendants to cause him harm. Neither the driver of the car nor the assailant involved in the November 2015 incident identified themselves as police officers, and they were not in uniform or in a police vehicle. Accepting all these allegations as true, there is nothing to suggest that

Ms. Davis was involved in conspiring with, usurping, or corrupting any police officers so that their independence was compromised in some way.

Simply put, the amended complaint fails to plead the necessary elements of a §1983 claim against Ms. Davis, a private individual. Consequently, the only federal claim asserted against her must be dismissed. Even if the complaint pleaded a plausible simple assault or other non-federal claim against Ms. Davis, there is no diversity of citizenship between her and Mr. Bostic, and no other apparent basis on which the Court could exercise jurisdiction over such claims. These claims must be dismissed for lack of jurisdiction.

IV. <u>Conclusion</u>

For all of the reasons stated above, Defendant Davis' motion to dismiss is granted. Mr. Bostic's §1983 claim against Ms. Davis is dismissed for failure to state a claim upon which relief can be granted. Any state law claims against Ms. Davis are dismissed without prejudice for lack of jurisdiction, and she is dismissed as a party to this case.

/s/ Terence P. Kemp
United States Magistrate Judge