IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TEDDY GLEN BOSTIC SENIOR,**

    **Plaintiff,**

    v.

**JEANETTE ARLENE DAVIS,** *et al.***,**

    **Defendants.**

Case No. 2:15-cv-3029
Magistrate Judge Chelsey M. Vascura


## OPINION AND ORDER

Plaintiff, who is proceeding without the assistance of counsel, filed this action against Jeanette Arlene Davis, a private citizen, and against the Columbus Police Department,[1] Columbus Police Chief Kimberly Jacobs, and Columbus Police Officer Ernest Rice. By Opinion and Order dated May 8, 2017, the Court granted Ms. Davis' motion to dismiss. This matter is before the Court for consideration of the remaining Defendants' Motion for Summary Judgment. (ECF No. 61). For the reasons that follow, the Motion is **GRANTED**.

### I.

Plaintiff's Second Amended Complaint contains the following allegations, provided here for context. Generally, the Complaint alleges a purported conspiracy and campaign of harassment executed by Defendants and described by Plaintiff as follows:

---

[1] In his Second Amended Complaint, Plaintiff named "the Columbus Police Department of the City of Columbus, Ohio" as a Defendant. Consistent with previous holdings of this Court construing *pro se* complaints against the City of Columbus Police Department as proceeding against the City of Columbus as a Defendant, the City of Columbus has moved for summary judgment. *See Johari v. City of Columbus Police Dep't*, 186 F. Supp. 821, 825 (S.D. Ohio 2002).

> This harassment included entering in Plaintiff's home and cutting off one of his pugs nails on her front paw when Plaintiff was not home, poisoning a pug with anti-freeze which almost cost her her life, using a laser light to blind one of his pugs causing lost (sic) of eyesight, attacking Plaintiff physically, threats on Plaintiff's life coming into Plaintiff home without warrant in an attempt to poison him by placing harmful substances in his milk, coffee, butter, toothbrush, threating (sic) Plaintiff life, and his family's lives. And finally carring (sic) out threats with the murders of his grandson and son.

(Pl.'s 2nd Am. Compl. 6-7, ECF No. 21.)

More specifically, Plaintiff describes three separate incidents he contends Defendants orchestrated. First, at approximately 6:40 a.m. on Monday, November 16, 2015, while pulling into the parking lot of his apartment complex, he became engaged in a verbal altercation with a female driver. During this altercation, a large man approached Plaintiff and hit him in his throat and Adam's apple. The force of the blow caused Plaintiff to temporarily lose his vision and fall back against his car. The man who had hit Plaintiff then told the other driver that "it was taken care of." Plaintiff called the Columbus Police Department and reported the incident, but the police officers left without investigation. Plaintiff called the police a second time that morning and an officer arrived, discussed the incident with Plaintiff, and then left. Plaintiff asserts that he later found out that the female driver and the man who hit him were both Columbus police officers.

The two additional incidents Plaintiff alleges are that his grandson was killed in a motorcycle accident in California in July of 2016 and his son was killed in an attack while attempting to buy marijuana on a bicycle in Columbus in January of 2017. Plaintiff states that these two incidents "were not accidents" but were "premeditated murders." He alleges that, with respect to the death of his son in Columbus, the men involved in his son's death were Columbus police officers in "civilians [sic] clothes," one being Officer Rice. Plaintiff further alleges that

2

there were also two F.B.I. agents "who knew this was going to happen but did not [do] a thing to prevent it.

In moving for summary judgment, Defendants have submitted affidavits and other evidentiary materials establishing the following. Neither Defendant Jacobs nor Defendant Rice knows Plaintiff. They did not enter or attempt to enter his home for any purpose and did not harm or threaten to harm him, his pets, or his property. They did not participate in the November, 2015 incident. They did not participate in, and were unaware of, the death of Plaintiff's grandson. Similarly, they did not participate in, and were unaware of, the death of Plaintiff's son. *See* Affidavit of Kimberley Jacobs, ECF No. 59-1; Affidavit of Ernest Rice, ECF No. 59-2. Defendants did not engage in or have any awareness of a plot, scheme, campaign, or conspiracy relating to these alleged events. *Id*.

Plaintiff filed a memorandum in opposition unaccompanied by any affidavits, deposition testimony, or other evidence.

## II.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the Court may "consider the fact undisputed for purposes of the motion"). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted), *cert. denied*, 565 U.S. 1157 (2010); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit [e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III.

The Court has reviewed the parties' arguments and the evidence submitted by Defendants. Defendants are entitled to summary judgment with respect to Plaintiff's claims.

**A.    Plaintiff's § 1983 Claims**

As the Court discussed in its previous Opinion and Order, it construes Plaintiff's Second Amended Complaint as alleging that his constitutional rights were violated. An individual may bring a private cause of action for constitutional violations under 42 U.S.C. §1983. To establish a claim under §1983, a plaintiff must satisfy two elements: (1) that defendants acted under color of state law and (2) that defendants deprived plaintiff of a federal statutory or constitutional right. *See, e.g., Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir.

1992) (per curiam).  Section 1983 itself creates no substantive rights but is the means through which a plaintiff may seek redress for deprivation of rights established in the Constitution or federal laws.  *Evans v. Lucas Metro. Hous. Auth.*, No. 3:15CV389, 2016 WL 7407539, at *5  (N. D. Ohio Dec. 22, 2016) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Consequently, the "'[t]he first inquiry in any 1983 suit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States.'"  *Id.* (internal quotations omitted).

Plaintiff alleges that Defendants conspired to, and did, violate his Fourth Amendment rights.  (*See* ECF No. 21, PAGEID #145.)  For purposes of their Summary Judgment Motion, Defendants recognize that Plaintiff's allegations implicate the Fourth Amendment.  The Fourth Amendment protects against unreasonable seizures and states:

> The right of the people to be secure in their persons, house, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend IV.

Here, as Defendants recognize, to the extent Plaintiff alleges warrantless entry into his home, there is no question that "the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed."  *Smith v. City of Wyoming*, 821 F.3d 697, 709 (6th Cir. 2016) (citations omitted).  Similarly, to the extent Plaintiff alleges property damage, law-enforcement activities that unreasonably damage or destroy personal property, therefore seizing it within the meaning of the Fourth Amendment, can give rise to liability under § 1983. *Gordon v. Louisville/Jefferson Cnty. Metro Gov't*, 486 F. App'x 534, 540-541 (6th Cir. 2012). Additionally, to the extent that Plaintiff alleges that force was applied or threatened to be applied

against him, police officers seize any person who is a "'deliberate object of their exertion of force.'" *Fisher v. City of Memphis*, 234 F.3d 312, 318 (6th Cir. 2000) (quoting *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000)).

Plaintiff also alleges a conspiracy under § 1983. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *see also Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). A plaintiff is required to demonstrate "a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Hooks*, 771 F.2d at 943-44.

In moving for summary judgment, Defendants argue that, even assuming Plaintiff has implicated the Fourth Amendment, Plaintiff has failed to submit any evidence demonstrating their involvement in the incidents alleged. Additionally, Defendants contend that, to the extent Plaintiff alleges harm to others relating to the deaths of his son and grandson, he has no standing to assert claims on their behalf and § 1983 does not support a claim for loss of consortium. Defendants further explain that Plaintiff has failed to provide any evidence in support of these specific allegations of harm. The Court agrees that Plaintiff has not met his burden here.

Initially, the Court notes that it is well settled that a *pro se* plaintiff is held to a less stringent standard than a trained lawyer, and, therefore, the Court is required to construe Plaintiff's second amended complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court has done so. At the summary judgment stage, however, the Court is required to apply the evidentiary standards set forth in Rule 56. *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993).

Rule 56 of the Federal Rule of Civil Procedure, which governs summary judgment motions, provides in relevant part as follows:

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, or electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

* * *

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56.

The purpose of a summary judgment motion is "'to pierce the pleadings and to assess the proof in order to see whether there is a genuine issue for trial.' Fed.R.Civ.P. 56 (advisory comm. Notes) (1963)." *Vinson v. Cobb*, 501 F. Supp. 2d 1125, 1130 (E.D. Tenn. 2007). As a result, Plaintiff, as the non-moving party, is not entitled to a trial on the basis of his allegations alone. Rather, in response to Defendants' motion, Plaintiff is required to come forward with significant probative evidence to support his claims. This is so "[n]otwithstanding the liberal treatment of pro se pleadings." *Evans*, 2016 WL 7407539, at *4 (citing *Black*, 4 F.3d at 448). Stated another way, the liberal pleading standard "does not mean . . . that pro se plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998).

Instead, once a motion for summary judgment is properly made and supported, an opposing party, even a *pro se* party, may not rely merely on allegations or denials in its own pleading. *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)

7

("[P]laintiff's status as a pro se litigant does not alter his duty on a summary judgment motion."). That is, Plaintiff, as the party opposing summary judgment, "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." *Id.*; *see also United States v. Ninety Three Firearms*, 330 F.3d 414, 427-28 (6th Cir. 2003) (there is no rule in this circuit providing for "special assistance to nonprisoner pro se litigants responding to summary judgment motions").

Here, Defendants have submitted affidavits based on their personal knowledge and additional evidentiary materials demonstrating that they had no involvement with any of the incidents alleged in Plaintiff's Second Amended Complaint. As a result, Plaintiff was obligated to present something more than his own conclusory allegations in support of his claims. He has not done so. That is, he has not provided any affidavits, deposition testimony, or other evidence in opposition to Defendants' motion for summary judgment. Additionally, his complaint was not verified such that the Court could construe it as an affidavit for purposes of summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (verified complaint carries same weight as an affidavit for purposes of summary judgment). Instead, in response, Plaintiff merely disputes the facts as presented by Defendants, contends that he has stated the truth, and asserts that he has witnesses who will provide facts and information about this case at trial. Without admissible evidence to refute Defendants' affidavits, it is undisputed that Defendants did not engage in any conduct that violated Plaintiff's Fourth Amendment rights.

Further, even if Plaintiff presented the allegations in his Second Amended Complaint in affidavit form, the Court must still grant Defendants Motion for Summary Judgment. Statements in affidavits that are "nothing more than rumors, conclusory allegations and subjective beliefs . . . are wholly insufficient evidence." *Metro. Life Ins. Co. v. Kelly*, No. 16-cv-12544, 2017 WL

3085519, at *5 (E.D. Mich. July 20, 2017).  "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009).  Similarly, affidavits based on hearsay, rather than events directly observed, also are insufficient.  *Kelly*, at *5.

For all of these reasons, Defendants' motion for summary judgment will be granted as to Plaintiff's claims directed to the individual defendants and arising under 42 U.S.C. § 1983.

**B.     Municipal Liability**

The City of Columbus is also entitled to summary judgment.  To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged violation occurred because of a municipal policy, practice, or custom; a municipality "may not be sued under 1983 for an injury inflicted solely by its employees or agents."  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  Absent an underlying constitutional violation, there is no basis for imposing municipal liability.  *Chumley v. Miami County, Ohio*, No. 3:14-cv-16, 2015 WL 859570, at *8 (S.D. Ohio Feb. 27, 2015) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Meals v. City of Memphis*, 493 F.3d 720, 731 (6th Cir. 2007); *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 471 (6th Cir. 2006); *Scott v. Clay Cnty.*, 205 F.3d 867, 879 (6th Cir.), *cert. denied*, 531 U.S. 874 (2000)).  As explained above, Plaintiff has failed to raise a genuine issue of material fact as to an underlying constitutional violation.  Consequently, Defendants' Motion for Summary Judgment will be granted as to any claims against the City of Columbus.

**C.     State-Law Claims**

Finally, Defendants contend that, to the extent that Plaintiff is attempting to assert any state-law claims against them, they are immune under Ohio law.  With respect to the individual Defendants, Ohio Rev. Code § 2744.03(A)(6) provides presumptive immunity.  None of the

9

exceptions to that immunity apply here. Similarly, the City of Columbus is presumptively immune under Ohio Rev. Code § 2744.02(A)(1), and none of the exceptions found in Ohio Rev. Code § 2744(B)(1)-(5) apply. Consequently, Defendants' Motion to for Summary Judgment will be granted as to any state-law claims.

## IV.

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 61) is **GRANTED**.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE